**ARONA GABRIEL and SULI GABRIEL, Plaintiffs**

**v.**

**FA`ANUNUMI PIPILI and THE ESTATE OF FALEFIA ENE, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 12-97

October 29, 1998

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiffs, Afoafouvale L. Su`ese`e Lutu
 For Defendant Fa`anunumi Pipili, Virginia L. Sudbury
 For Defendant Estate of Falefia Ene, Charles V. Ala`ilima

## OPINION AND ORDER

Plaintiffs Arona Gabriel and Suli Gabriel ("The Gabriels") brought this action against Fa'anunumi Pipili ("Pipili") and the Estate of Falefia Ene to retain title to two pieces of property located in Tafuna. Trial for this action began on October 9, 1998.

### Discussion

A. First Half Acre

### Findings of Fact

On November 2, 1993, the Gabriels entered into an agreement of sale with Falefia Ene ("Ene") for approximately .526 acres of "Tiatuloto" for $40,000. This agreement is part of the record marked Exhibit "1." Before Ene died on or about July 29, 1996, the Gabriels paid the full purchase price to Ene. A deed of conveyance, however, was yet to be signed and delivered to the Gabriels. Despite the absence of a deed, the court finds that a written agreement for sale and purchase was concluded between Ene and the Gabriels. In addition, the court finds that the Gabriels fully performed their part of the bargain by paying the $40,000 purchase price.

### Conclusions of Law

■ We, therefore, decree specific performance directing the Estate of Falefia Ene to issue a deed to the Gabriels in accordance with the parties agreement for sale and purchase marked Exhibit "1." The court notes that the deed Pipili purported to issue to the Gabriels to these ends is of

no effect against the estate since Pipili had no title to convey.

B. Second Half Acre

## Findings of Fact

The Gabriels base their claim for the additional $10,000 half acre on an alleged oral contract between Ene and themselves. The Gabriels claim that Ene offered to them the additional half-acre for the sum of $10,000. The Gabriels claim acceptance of the offer by paying the requisite $10,000 to Ene's wife, Pipili, after Ene's unexpected death. Pipili subsequently executed a warranty deed.

## Conclusions of Law

■ The court holds that any oral contract between the Gabriels and Ene is unenforceable. Under American Samoa's Statute of Frauds, parole contracts are unenforceable. A.S.C.A. § 37.0211[1], requires contracts for the sale of real property to be evidenced in writing.

■ Although the court finds that Pipili asked for and received from the Gabriels the sum of $10,000 which she acknowledged at the insistence of the Gabriels as payment of the second half acre, this subsequent transaction is a nullity against the estate. Under this territory's Descent and Distribution Statute, court approval is required for the conveyance of any estate real property. A.S.C.A. § 40.0323(a).

■ Pipili had no such court authorization. As such, Pipili's attempt to deal in estate lands is of no force and effect whatsoever against the estate. We reject any claim by the Gabriels for full performance by the estate on the basis of Pipili's unauthorized action. The court, therefore, denies specific performance.

Pipili, however, did attempt to provide a warranty deed for lands which she had no title. Judgment, therefore, will enter against Pipili in favor of the Gabriels for $10,000.

---

[1] A.S.C.A. § 37.0211 provides that:
> No agreement for the sale of real property or of any interest therein is valid unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged or his agent thereunto authorized in writing but this does not abridge the power of the court to compel the specific performance of any agreement fort he sale of real property in case of part performance.

C. Right Of Way

The Estate concedes an easement by necessity and plaintiff has stipulated in open court that this issue has been settled with the estate.

## Order

The Clerk will enter judgment herein, to be prepared by counsel for the estate, in accordance with the foregoing.

It is so ordered.